UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALMA GLORIA GARCIA, et al. | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | C.A. NO. C-05-471 |
| | § | |
| CHEYENNE INDUSTRIES, INC., et al. | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

Pending before this Court is plaintiffs' Partially Unopposed Motion to Remand, filed on October 14, 2005 (D.E. 6). Defendants removed this action from Nueces County Court of Law No. 4 on September 16, 2005, stating that all properly joined parties were diverse in citizenship. However, defendant Advan-Co's primary place of business is Texas, making it a citizen of Texas and destroying diversity under 28 U.S.C. § 1332.

Defendants argue that Advan-Co was improperly joined. To establish improper joinder, the removing defendant must show: (1) actual fraud in the pleading of jurisdictional facts or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby,* 326 F.3d 644, 646-47 (5th Cir. 2003). For the latter, the test is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004). The burden of demonstrating improper joinder is a heavy one. *Griggs v.*

*State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). In the improper joinder analysis, all disputed questions of fact and all ambiguities in state law must be resolved in favor of the plaintiff. *Gray v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 405 (5th Cir. 2004).

Plaintiffs allege negligence against Advan-Co on the grounds that Advan-Co failed to timely install a smoke alarm in plaintiffs' residence. Defendants do not allege that this is an invalid cause of action. Rather, defendants argue that all claims against Advan-Co have been settled, pointing to the Chapter 11 plan of reorganization and the order confirming it. In addition, defendants state that plaintiffs are only permitted to collect any judgment from insurance proceeds. The order confirming the plan states in relevant part

> The Garcia Estate's claim against Advan-Co remains unliquidated. No injunction or stay shall apply to the Garcia Estate's claim against Advan-Co, and Advan-Co has not discharged the claim of the Garcia Estate by confirmation of the Plan.
>
> To the extent necessary, any automatic stay that may apply is lifted, and any confirmation injunction is modified to allow the Garcia Estate to proceed with the liquidation of its claim against Advan-Co in any court of competent jurisdiction, and to collect any judgment obtained from any insurance that may have been in place to cover the claim.

Contrary to what defendants argue, this does not settle all of the Garcias claims against Advan-Co. Rather, it expressly allows the Garcias to pursue their claims against Advan-Co. In addition, it does not limit recovery to Advan-Co's insurance. Even if this were the case, *Smallwood* does not require that a plaintiff be able to recover monetary damages from a defendant or ultimately satisfy a judgment. Rather, it requires that the plaintiff be able to obtain a judgment against the defendant.

This Court finds no evidence of improper joinder. Plaintiffs' claims against Advan-Co have not been settled but are expressly allowed by the bankruptcy plan. Accordingly, Advan-Co is a proper party, and the Court, pursuant to 28 U.S.C. § 1447(c), REMANDS this case, in its entirety, to Nueces County Court at Law No. 4.

ORDERED this ____4th____ day of ____December____, 2004.

_____
HAYDEN HEAD
CHIEF JUDGE

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALMA GLORIA GARCIA, et al. | § | |
|    Plaintiffs, | § | |
| | § | |
| v. | § | C.A. NO. C-05-471 |
| | § | |
| CHEYENNE INDUSTRIES, INC., et al. | § | |
|    Defendants. | § | |

### FINAL JUDGMENT

It is the Final Judgment of this Court that, pursuant to 28 U.S.C. § 1447(c), this case is remanded to Nueces County Court at Law No. 4.

ORDERED this _____ day of _____, 2004.

_____
HAYDEN HEAD
CHIEF JUDGE